UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED

2008 AUG 21 AM 11:43

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

08 MJ 2580

BY_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Case No._____ |
| ) | |
| Plaintiff, ) | COMPLAINT FOR VIOLATION OF |
| ) | |
| v. ) | |
| ) | |
| Alex Correa RODRIGUEZ (D1) ) | Title 8, U.S.C., Section |
| (AKA: Guadalupe Alejandro RODRIGUEZ) ) | 1324(a)(2)(B)(iii)- |
| ) | Bringing in Illegal Alien(s) |
| and ) | Without Presentation |
| ) | |
| Joyce Gendren GEDDE (D2) ) | |
| ) | |
| Defendants. ) | |

The undersigned complainant being duly sworn states:

On or about **August 19, 2008,** within the Southern District of California, defendant **Alex Correa RODRIGUEZ (AKA: Guadalupe Alejandro RODRIGUEZ) (D1)** and **Joyce Gendren GEDDE (D2)**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely **Magaly ZAMORA-Badillo**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of  Title 8, United States Code, Section 1324(a)(2)(B)(iii).

SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

Sworn to me before and subscribed in my presence, this **21st** day of **August, 2008.**

UNITED STATES MAGISTRATE JUDGE

8/20/08

## PROBABLE CAUSE STATEMENT

The complainant states that **Magaly ZAMORA-Badillo** is a citizen of a country other than the United States; that said alien has admitted she is deportable; that her testimony is material; that it is impracticable to secure her attendance at trial by subpoena; and that she is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On August 19, 2008, at about 2305 hours, **Alex Correa RODRIGUEZ (AKA: Guadalupe Alejandro RODRIGUEZ) (D1)** applied for entry into the United States from Mexico through the San Ysidro Port of Entry.  **D1** was the driver of a green 1996 Chevrolet Silverado. Accompanying **D1** was **Joyce Gendren GEDDE (D2)**, who was the sole visible passenger in the vehicle.  **D1** declared he was brining blankets and nothing else to a Customs and Border Protection (CBP) Officer.  **D1** stated he and **D2** were going to Anaheim, California.  During a cursory inspection of the vehicle, the CBP Officer discovered a person's hand under the rear bench seat of the vehicle.  The CBP Officer approached the passenger side of the truck and saw a person concealed under the rear bench seat.  The CBP Officer subsequently called for assistance and CBP Officers responded, and took custody of **D1**, **D2** and the vehicle.

During secondary inspection, a CBP Officer moved the rear bench seat forward using the factory seat release lever and discovered a Hispanic female concealed in a non-factory compartment. The Hispanic female admitted being a citizen of Mexico with no documents to enter or reside in the United States.  The Hispanic female was identified as **Magaly ZAMORA-Badillo** and was held as a Material Witness **(MW)** in the case.

During a videotaped proceeding, **D1** was advised of his Miranda rights.  **D1** acknowledged his rights and elected to answer questions without an attorney present.  **D1** admitted knowing a Hispanic female was concealed behind the rear bench seat of the vehicle.  **D1** stated **D2** placed the **MW** behind the rear bench seat of the vehicle.  **D1** admitted being present when **D2** placed the **MW** behind the rear bench seat but denied assisting **D2**.  **D1** admitted he was to receive $1,500.00 (USD) for the smuggling act.  **D1** admitted he was taking the **MW** to City of Orange, California.

During a videotaped proceeding, **D2** was advised of her Miranda rights.  **D2** acknowledged her rights and elected to answer questions without an attorney present.  **D2** stated she was offered $300.00 (USD) by a friend to accompany **D1** to the airport in Tijuana, Mexico to pick up a legal permanent resident of the United States and bring such person into the United States.  **D2** admitted she and **D1** picked up the **MW** at the airport.  **D2** stated **D1** drove from the airport to a pharmacy.  **D2** stated she exited the vehicle at the pharmacy and observed **D1** assist the **MW** in concealing herself behind the rear bench seat of the vehicle.

During a videotaped interview, the **MW** admitted she is a citizen of Mexico with no legal documents to enter or reside in the United States.  The **MW** stated she was going to Santa Ana, California to seek employment.  The **MW** stated she was to pay $1000.00 (USD) to be smuggled into the United States.  The **MW** stated **D1** assisted her in entering the non-factory compartment behind the rear bench seat.  The **MW** stated **D2** was outside the vehicle and subsequently assisted **D1** in setting the rear bench seat back in place.